IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA;
THE STATES OF CALIFORNIA,
DELAWARE, DISTRICT OF COLUMBIA.
FLORIDA, GEORGIA, HAWAII, ILLINOIS,
INDIANA, LOUISIANA, MASSACHUSETTS,
MICHIGAN, MONTANA, NEW HAMPSHIRE,
NEW MEXICO, NEW YORK, NEVADA,
OKLAHOMA, TENNESSEE, TEXAS, and
VIRGINIA; and COUNTY OF COOK, ILLINOIS
CITIES of CHICAGO and NEW YORK; ex rel.
JAMES WAGEL; and JAMES WAGEL, individually,

**FILED UNDER SEAL
PURSUANT TO
31 U.S.C. §3730(b)(2)**

**DO NOT PLACE IN PRESS BOX**

**DO NOT ENTER ON PACER**

                    Plaintiffs,

v.

Case No. *06-15275*
Hon. *John Corbett O'Meara*

AMERSHAM BIOSCIENCES, a division of GE
HEALTHCARE, AMERSHAM HEALTH, a
division of GE HEALTHCARE, GE HEALTH
CARE TECHNOLOGIES, a division of GE
HEALTHCARE, and GE HEALTHCARE,
CARDIOLOGY AND VASCULAR ASSOCIATES,
P.C., NUCLEAR IMAGING CONSULTANTS,
LLC, ST. JOHN HEALTH SYSTEM-DETROIT-
MACOMB CAMPUS, ST. JOHN MEDICAL CENTER
MACOMB TOWNSHIP, ST. JOHN MEDICAL CENTER
MACOMB TOWNSHIP d/b/a ST. JOHN MACOMB
ROAD ST. JOHN MEDICAL CENTER MACOMB
TOWNSHIP d/b/a ST. JOHN ROMEO PLANK,
ST. JOHN RIVER DISTRICT HOSPITAL, ST. JOHN
OAKLAND HOSPITAL, HENRY FORD HEALTH
SYSTEM, HENRY FORD HEALTH SYSTEM d/b/a
HENRY FORD HOSPITAL, FAIRLANE CENTER,
HENRY FORD HEALTH SYSTEM d/b/a HENRY
FORD HOSPITAL, WEST BLOOMFIELD, OAKWOOD
HEALTHCARE, INC. , OAKWOOD HEALTHCARE, INC.
d/b/a OAKWOOD HOSPITAL HERITAGE, OAKWOOD
HEALTHCARE, INC. d/b/a OAKWOOD HOSPITAL ANNAPOLIS,
OAKWOOD HEALTHCARE, INC d/b/a OAKWOOD
HOSPITAL SOUTHSHORE, HARPER-HUTZEL HOSPITAL,
EASTSIDE CARDIOVASCULAR MEDICINE, P.C.,
MARQUETTE GENERAL HOSPITAL, INC., IRON COUNTY

**AMENDED *QUI TAM*
COMPLAINT**

FILED
JUN 20 2007
CLERK'S OFFICE
DETROIT

COMMUNITY HOSPITALS, INC., d/b/a IRON COUNTY
GENERAL HOSPITAL, PORTAGE HEALTH SYSTEM, INC.
UNIVERSAL IMAGING, INC., JACKSON CARDIOLOGY
ASSOCIATES, P.C., W.A. FOOTE MEMORIAL HOSPITAL,
MED SHARE, INC., TAWAS HOSPITAL ASSOCIATION,
TAWAS HOSPITAL ASSOCIATION d/b/a TOWAS ST.
JOSEPH HOSPITAL, INC., PREMIER MEDICAL CARE, P.C.
d/b/a HEART CENTER FOR EXCELLENCE, PREMIER MEDICAL,
P.C. d/b/a PREMIER DIAGNOSTIC IMAGING, Jointly and severally,

Defendants.

_____/

## AMENDED QUI TAM COMPLAINT

## TRIAL BY JURY REQUESTED

Pursuant to 31 U.S.C. §3730(b)(1) and the False Claims Acts of the States and Cities, as

defined and more specifically listed below, James Wagel, for himself and on behalf of the United

States of America; the States of California, Delaware, District of Columbia, Florida, Georgia,

Hawaii, Illinois, Indiana Louisiana, Massachusetts, Michigan, Montana, Nevada, New

Hampshire, New Mexico, Oklahoma, Tennessee, Texas, and Virginia (collectively, the "States");

County of Cook, Illinois, and the Cities of Chicago and New York (collectively, the "Cities"),

through his attorneys, Frank, Haron, Weiner and Navarro, brings this civil action under the False

Claims Act, 31 U.S.C. 3729 *et seq*, the False Claims Acts of the States, Counties and Cities, and

under common law theories of payment by mistake and unjust enrichment, and alleges as

follows:

## JURISDICTION AND VENUE

1.      This action arises under 31 U.S.C. §3729 *et seq*., also known as the False Claims

Act (the "Act"), as well as the False Claims Acts of the States and Cities (collectively, "State

FCAs"), and common law to recover treble damages and civil penalties on behalf of the United

States of America, the States, Counties, and Cities, arising out of Defendants' violation of the

1

Act and State, County and City FCAs.

2.      Under §3732 of the Act, this Court has exclusive jurisdiction over actions brought under the Act and concurrent jurisdiction over state claims arising from the transactions giving rise to the claims under the Act. Furthermore, jurisdiction over this action is conferred on this Court by 28 U.S.C. §1331 because this civil action arises under the laws of the United States.

3.      This Court has supplemental jurisdiction over all other claims set forth in this Complaint because these claims are so related to the claims arising under the federal False Claims Act that they form part of the same case or controversy. 28 U.S.C. §1367.

4.      Venue is proper in this district pursuant to §3732(a) of the Act, which provides that any action under §3730 may be brought in any judicial district in which the Defendant or in the case of multiple Defendants, any one Defendant can be found, resides, transacts business, or in which any act proscribed by §3729 occurred. The acts that are the subject of this action occurred in the State of Michigan, within this judicial district, as well as nationwide. At all times material hereto, Defendants regularly conducted substantial business within the State of Michigan, maintained permanent employees and offices in the State of Michigan, and made, and is making significant sales and claims for reimbursement within the State of Michigan, within this judicial district. Additionally, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1)-(2). A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated...."

2

## FILING UNDER SEAL

5.      Under the Act, as well as State, County and City FCAs, this Complaint is to be filed in camera and remain under seal for a period of at least sixty (60) days and shall not be served on Defendants until the Court so orders. The Government may elect to intervene and proceed with the action within sixty (60) days after it receives the Complaint.

6.      As required by the Act, Relator voluntarily submitted prior to the filing of this complaint a confidential written disclosure statement (subject to the attorney-client privilege) to the United States Government, containing material evidence and information in their possession pertaining to the allegations contained in this complaint. Similarly, Relator voluntarily submitted a confidential written disclosure statement and this complaint to the States and Cities whose False Claims Acts form the bases for this action.

## PARTIES

7.      Plaintiff-Relator James Wagel ("Relator") is a resident of the State of Michigan and a current pharmaceutical sales representative of Bristol Meyers Squibb for the drug Cardiolite, the main competitor of the Defendants' drug Myoview.

8.      Relator is an original source of the facts and information hereinafter set forth concerning the activities of Defendants relative to the promotion and sales of the radio pharmaceutical Myoview (Technetium Tc99m Tetrofosmin) and the use and submission of fraudulent reimbursement claims for Myoview, the related Myocardial Perfusion Imaging Test, and other related tests and procedures. The facts averred herein are based upon Relator's personal observation and documents and information in his possession, which were acquired by him in connection with his work making calls on physicians, hospitals and imaging centers in connection with his promotion of Cardiolite (vis-a-vis Myoview).

3

9.     Defendant GE Healthcare is a business unit of the General Electric Company. The General Electric Company is actively traded on the New York Stock Exchange as (NYSE:GE).

10.     Defendant GE Healthcare is headquartered in the United Kingdom but is a registered corporation in the States of Michigan, Texas, Illinois, Florida, Minnesota, New Hampshire, Ohio, Virginia, Ohio, and Arkansas.

11.     Defendant GE Healthcare Technologies is a division of GE Healthcare.

12.     GE  Healthcare Biosciences is a division of GE Healthcare and is registered as a foreign corporation in the State of Illinois.

13.     Defendant Amersham Biosciences is a division of GE Healthcare and is registered as a corporation in Delaware and Illinois.

14.     Defendant Amersham Health is a division of GE Healthcare.  It is registered as a corporation, assumed name, or foreign trade name in the following states, Michigan, Texas, Illinois, Florida, Maryland, Tennessee, California, New Hampshire, Georgia, Connecticut, New York, Pennsylvania, Minnesota, Ohio, and Delaware.

15.     Defendants also do business in the United States under the names Medi-Physics, Inc., Nycomed Amersham, Nycomed Amersham Imaging, Amersham Holdings, Inc., Nycomed, Inc., Amersham Health Salutar, Inc., and New Salutar, Inc.

16.     Collectively, GE Healthcare and its above-named subsidiaries and divisions are referenced herein as "GE Healthcare" or "Defendant Manufacturer/Distributors."

17.     The radio-pharmaceutical Myoview (Technetium Tc-99m Tetrofosmin) is a diagnostic radio-pharmaceutical listed in GE Healthcare's promotional materials and the product package insert as having been manufactured  by Amersham Health AS in Oslo Norway (a

4

division of GE Healthcare) for Amersham Health, Medi-Physics, Inc., (also a division of GE Healthcare) in Arlington Heights, Illinois.

18.     According to their own promotional literature, Defendants manufacture and distribute Myoview nationwide.

19.     Defendant, Cardiology and Vascular Associates, P.C. ("CAVA") is a Michigan Professional Corporation, located at 645 Barclay Circle, Rochester Hills, Michigan 48307, (248) 844-1010 and upon information and belief has six or seven satellite offices and six testing center locations in Metropolitan Detroit, all of which have engaged in the fraudulent practices described herein.

20.     Defendant, Nuclear Imaging Consultants, LLC, is a Michigan Limited Liability Company, which is owned and operated by Joe Mueller (also employed by CAVA) and two other technicians, Kevin Damico and Kal Szalach.  Upon information and belief, this business shows providers how to "blow the vials" for a fee.

21.     Defendant, St. John Health System-Detroit-Macomb Campus is a Michigan Non-Profit corporation, whose corporate offices are located at 28000 Dequindre, Warren, Michigan 48092.

22.     Defendant, St. John Medical Center, Macomb Township, is a Michigan Non-Profit Corporation, whose corporate offices are located at 22101 Moross Road, Detroit, Michigan 48236.  It has two satellite offices, St. John Macomb Hospital, located at 11800 E. 12 Mile Road, Warren, Michigan 48093, and St. John Romeo Plank, located at 46591 Romeo Plank, Macomb, Michigan 48044, all of which are engaging in the fraudulent practices described herein.

23.     Defendant, St. John River District Hospital is a Michigan Non-Profit Corporation, whose corporate office is located at 4100 S. River Road, East China, Michigan 48054.

5

24.     Defendant, St. John Oakland Hospital is a Michigan Non-Profit Corporation, whose corporate office is located at 27351 Dequindre, Madison Heights, Michigan 48071.

25.     Defendant, Henry Ford Health System is a Michigan Non-Profit Corporation, whose registered offices are located at 1 Ford Place, Suite 5B, Detroit, Michigan 48202. The main Henry Ford Hospital is located at 2799 West Grand Blvd., Detroit, Michigan 48202. There are also satellite provider offices at 2333 Biddle Ave, Wyandotte, Michigan 48192; Henry Ford Hospital, Fairlane Center, 29401 Hubbard Drive, Dearborn, Michigan 48126; and Henry Ford Hospital, West Bloomfield, 6777 W. Maple Road., West Bloomfield, Michigan 48322, all of which are engaging in the fraudulent practices described herein.

26.     Defendant, Oakwood Healthcare Inc. is a Michigan Non-Profit Corporation, whose registered address is 18101 Oakwood Blvd., Dearborn, Michigan 48124 and whose mailing address is 23400 Michigan Ave., Ste. 230, Dearborn, Michigan 48124. Defendant has hospital locations located at Oakwood Hospital Heritage, at 10000 Telegraph Rd., Taylor, Michigan 48180, Oakwood Hospital Annapolis, 33155 Annapolis Ave., Wayne, Michigan 48184, and Oakwood Hospital Southshore, 5450 Fort Street, Trenton, Michigan 48183, all of which engaging in the fraudulent practices described herein. In addition to the Hospital locations, there are satellite healthcare centers, healthcare facilities, physician and medical offices and laboratory service centers, which upon information and belief are all engaging in the fraudulent practices described herein.

27.     Defendant, Harper-Hutzel Hospital is a Michigan Non-Profit Corporation, whose offices are located at 3990 John R, 7 Brush, West Detroit, Michigan 48201.

28.     Defendant, Eastside Cardiovascular Medicine, P.C. is a Michigan Professional Service Corporation, whose offices are located at 18325 Ten Mile Road, Suite 400, Roseville,

6

Michigan 48066.

29.     Defendant, Marquette General Hospital, Inc. is a Michigan Non-Profit Corporation, whose offices are located at 420 W. Magnetic, Marquette, Michigan 49855.

30.     Defendant, Iron County Community Hospitals, Inc. d/b/a Iron County General Hospital is a Michigan Non-Profit Corporation, whose registered office address is 220 W. Washington St., Ste. 500, Marquette, Michigan 49855.  The Iron County General Hospital's address is 1400 W. Ice Lake Road, Iron River, (Upper Peninsula) Michigan, 49935.

31.      Defendant, Portage Health System, Inc. is a Michigan Non-Profit Corporation, whose registered office address is 500 Campus Drive, Hancock, Michigan 49930.  The Hospital's address is 2000 Michigan Avenue, Houghton-Hancock, Michigan 49930.

32.     Defendant, Universal Imaging, Inc. is a Michigan for Profit Corporation, whose main office is located at 1159 E. Michigan Ave., Ypsilanti, Michigan 48198.  Upon information and belief, Universal Imaging, Inc. has four mobile and several fixed site locations from which they perform nuclear stress test studies and engage in the fraudulent practices described herein.

33.     Defendant, Jackson Cardiology Associates, P.C. is a Michigan Professional Service Corporation, which as of July 15, 2005, was automatically dissolved.  The registered offices are/were located at 205 Page Ave., Jackson, Michigan 49201.

34.     Defendant, W.A. Foote Memorial Hospital is a Michigan Non-Profit Corporation whose offices are located at 205 N. East Ave., Jackson, Michigan 49201.

35.     Defendant, Med Share, Inc. is a Michigan for Profit Corporation, whose offices are located at 26222 Telegraph Road., Suite 100, Southfield, Michigan 48034.  Med Share, Inc. has three mobile gamma cameras and two fixed gamma cameras at off-site locations and engages in the fraudulent practices described herein.

7

36.     Defendant, Tawas Hospital Association d/b/a Towas St. Joseph Hospital, Inc. is a Michigan Non-Profit Corporation, whose registered office address is M-55 and Court Street, Tawas City, Michigan 48763.

Collectively, the Defendants listed in ¶ ¶ 9-36 are hereinafter referenced to as the "Provider Defendants."

### GENERAL ALLEGATIONS

### MYOCARDIAL PERFUSION IMAGING TESTS AND MYOVIEW

37.     Myoview is a diagnostic radio-pharmaceutical injectable drug used in the nuclear cardiology field for Myocardial Perfusion Imaging testing of the heart.

38.     Myocardial Perfusion Imaging testing is a diagnostic procedure approved by the FDA to detect coronary heart disease ("CAD") by enabling the visualization of blood flow to the heart muscle (or myocardium) and allows the heart to be studied in microscopic detail.

39.     Myocardial Perfusion Imaging can be performed on an outpatient basis (similar to a stress test).

40.     Hospitals, physician offices, and free standing radiology/imaging facilities (collectively "Providers") perform Myocardial Perfusion Imaging tests.

41.     The Myocardial Perfusion Imaging testing procedure begins with the intravenous injection of a radio-pharmaceutical agent. Myoview is one of such radio-pharmaceutical agents.

42.     A single Myocardial Perfusion Imaging test is usually conducted in two parts consisting of (1) imaging after rest conditions; and, (2) imaging after exercise (or with a pharmacological stress inducer for those patients who cannot physically or medically exercise).

43.     Myoview is injected intravenously into the patient prior to the rest portion of the Myocardial Perfusion Imaging test and, again, prior to the stress portion of the test. Images are

8

taken of the patient's heart following each injection. A single test typically consists of two injections of Myoview and two separate sets of images are taken (one at rest and one during stress).

44. There are two additional tests which are generally conducted at the same time as the Myocardial Perfusion Imaging test and which utilize the same radio-pharmaceutical injections: the wall motion study and the ejection fraction study. Myoview has been approved by the FDA for use during the Myocardial Perfusion Imaging test, as well as the wall motion and ejection fraction study tests.

45. Defendant Manufacturer/Distributors sell Myoview in either unit dose or in "bulk" multi-5 vial kits. When purchasing and using a single vial of Myoview, the vial is prepared (i.e., activated by mixing with a radioactive isotope (Technetium) (chemical symbol Tc99m)) by a pharmacy and then delivered radioactive or "hot" to the provider.

46. In contract, the "bulk" multi-5 vial kits are purchased non-activated and are prepared and activated at the providers' offices by an on-site nuclear technician by mixing the powder-form Myoview with the radioactive Technetium in accordance with the detailed FDA approved indications on the package insert.

47. The fraudulent practices at issue center around Defendant Manufacturer/ Distributors' promotion of and Defendant Providers' preparation and use of the Myoview "bulk" quantity multi-5 vial kits.

48. Each of the five vials in the multi-vial kit contains a sterile, non-pryogenic freeze dried mixture of tetrofosmin, stannous chloride dehydrate, chloride dehydrate, disodium sulphosalicylate, sodium D-Gluconate and sodium hydrogen carbonate (which collectively constitute the Myoview powder). The Myoview powder comes sealed in a nitrogen atmosphere

9

with a rubber closure.

49.     A vial of the bulk Myoview powder (from the five vial kit) must be activated by

mixing it with the radioactive Technetium according to the following FDA approved indications

from the Package Insert:

> ...2) Using a shielded, 10ml sterile syringe, inject the required activity of **up to 240 mCi** (8.8 GBq) technetium Tc99m generator eluate (diluted with Sodium Chloride injection, USP) into the shielded vial. (see Cautionary notes 1 and 2). Before removing the syringe from the vial, withdraw 2 mL of gas from above the solution. Remove the venting needle. Mix gently for 10 seconds to ensure complete dissolution of the powder....

(Emphasis Added).

50.     The foregoing activation procedure creates a volume of Myoview product that,

according to the FDA indication is capable of treating **6 patients per vial** (or generate 12

injections), as follows: (A) 10mCi of the injection is administered at rest; (B) 30 mCi of the

injection is administered for the stress portion; and, (C) for a total of 40mCi per patient, which

when multiplied by 6 patients, equals the "up to 240 mCi" described in the package insert.

Reconstituted, the injection must be used within twelve hours of preparation.

51.     The foregoing dosage amounts for each injection (10 mCi at rest and 30 mCi

during stress portion) are the FDA indicated dosages. They are also indicated in the ASNC

Imaging Guidelines. The standardized coding system, HCPCS, used by Medicare and other health

insurance programs to ensure orderly and consistent claims processing, which is maintained by the

American Medical Association, identifies Myoview as HCPCS code A9502 Technetium TC-99M

Tetrofosmin, Diagnostic, per study dose, up to 40 millicuries.

52.     With the knowledge of, at the direction of, and/or to the financial benefit and

competitive advantage of Defendant Manufacturer/Distributors, Defendant Providers have been

deliberately diluting Myoview to improperly increase the number of injections withdrawn from

10

each "bulk" vial.

53.     Defendant Providers systematic dilution of the vials constitutes of an off-label preparation of Myoview designed to fraudulently maximize reimbursement from federal and state programs, including Medicare and Medicaid.

54.     This practice is referred to as "blowing the vial" or "smashing the vial."

55.     Despite the knowledge that Defendant Providers dilute Myoview and falsely bill Government Programs for diluted injections and related tests, Defendant Manufacturer/ Distributors have not sought to have the package inserts to be modified through the FDA.

56.     With Defendant Manufacturer/Distributors' knowledge, Defendant Providers have submitted fraudulent reimbursement claims for Myoview, as well as the related tests and procedures (e.g. the Myocardial Perfusion Imaging test the wall motion and ejection fraction studies, etc.) to Government Programs.

57.     The states follow Medicare (and other federal reimbursement programs) guidelines for Myoview reimbursement. They do not reimburse Providers for the Myoview kits themselves. Medicare (and other federal programs) reimburse Providers per Myoview injection that they administer. Accordingly, Medicare reimbursement is discussed hereafter.

58.     Medicare also reimburses providers for the Myocardial Perfusion Imaging test, as well as the wall motion and ejection fraction studies and the stress inducing component of the Myocardial Perfusion Imaging test (either treadmill exercise or a pharmacologic stress inducer).

59.     Myoview is reimbursed by Medicare under the Average Wholesale Price ("AWP") methodology. Under this methodology, manufacturers (i.e., Defendant Manufacturer/Distributors) report the average wholesale price of Myoview to the Centers for Medicare and Medicaid Services ("CMS"), which sets the reimbursement rates for Myoview at 95% of the reported average

11

wholesale price.

60.     Defendant Manufacturer/Distributors do not report the free injections it enables Providers to make by "blowing the vial."

61.     Defendant Manufacturer/Distributors knowingly do not report the free injections it enables Providers to make in order to create an improper financial incentive for Providers to buy Myoview over competing radio-pharmaceutical companies who track and report all injections as part and parcel of their AWP reporting.

62.     Defendant Manufacturer/Distributors' know of the "blowing the vial" scheme. (A) Defendants' knowledge of the "blowing of the vial" has been discussed by Defendants' sales representatives with providers; (B) Defendants' sales representatives have actually shown Providers how to physically "blow the vial"; and, (C) Relator has been told by numerous Providers that they will no longer use Relator's drug, Cardiolite, but will instead use Myoview because they are allowed by Defendant Manufacturers/Distributors to blow the vial without having to report or pay for each injection so created.

63.     Defendants Providers have engaged in the deliberate and knowing of off-label "blowing the vial" preparation of the Myoview injections, not for medical necessity or efficacy, but for pure financial gain.

64.     Defendant Provider, Nuclear Imaging Consultants, LLC, is in the business of educating providers on how to "blow the vial" for a fee. One of the owners of Nuclear Imaging Consultants, LLC, Joe Mueller, is a former GE Healthcare/Amersham drug sales representative for Myoview.

12

### The Regulatory Scheme

65.     The Act and the State FCAs make it unlawful for any person to knowingly cause false claims to be presented to the government and to knowingly make false statements to get a false or fraudulent claim paid by the government. See 31 U.S.C. § 3729 *et seq.* See also Counts I-XXVIII for State FCA citations. The Act and State FCAs are in pari materia for each other.

66.     As defined under 31 U.S.C. § 3729(b), "knowing" and "knowingly" mean: (1) actual knowledge of the information; (2) acts in deliberate ignorance of the truth or falsity of the information; or, (3) acts in reckless disregard of the truth or falsity of the information.

67.     Although Defendant Manufacturer/Distributors did not themselves submit claims for reimbursement to the Government, they caused false claims to be presented to the Government when, among other things, they (1) unlawfully promoted unapproved preparation of Myoview, which they knew would cause third parties to submit unreimbursable (false) claims to the Government; (2) made misrepresentations of facts which affected the AWP and reimbursement of Myoview; and, (3) provided financial inducements designed to affect Providers.

68.     Defendant Providers knowingly and deliberately engaged in off-label preparation of the Myoview injections (i.e., blowing the vial), not for medical necessity or efficacy, but for pure financial gain and competitive advantage.

69.     With the exception of TriCare, the Government reimbursement scheme provides that prescription drugs are only reimbursable if they are FDA-approved or otherwise medically accepted to treat the particular diagnosis for which the drug is prescribed (even if that renders the use off-label), as evidenced by the drug's inclusion in a number of recognized compendia.

70.     Diluted Myoview is not approved by any recognized compendia.

13

71.   Under TriCare (formerly CHAMPUS), benefits may not be extended for drugs not approved by the FDA. See 32 C.F.R. § 199.4.

72.   The efficacy of Myoview when prepared with excess Technetium (i.e. "blowing the vial") is not supported by scientifically-based peer review or approved compendia.

73.   The preparation of Myoview with excess Technetium has not been approved by the FDA.

74.   Accordingly, Myoview prepared by "blowing the vial" is not reimbursable by Medicare (MCO), Medicaid, VA, FEHB or TriCare.

75.   All such Government funded programs have been reimbursing Myoview for off-label preparation and use throughout the country as a direct result of Defendant Manufacturer/Distributors' unlawful national marketing scheme and kickbacks, as well as Defendant Providers' off-label preparation and use.

76.   Defendant Manufacturer/Distributors engage in said unlawful marketing to increase market share of Myoview by setting the AWP reimbursement of Myoview artificially high.

77.   In sum, through the pervasive practices described herein, Defendants have systematically violated FDA rules, have artificially enabled a higher AWP for Myoview, have systematically relied on kickbacks to induce Providers to prescribe and endorse the use of Myoview knowing that all such conduct would and did cause false claims to be presented and paid by the United States Government and the States.

78.   Defendants' practices have and continue to denigrate the integrity of all Government programs which provide drug-benefits, including Medicare, Medicaid, Veterans'

14

Administration, and TriCare (formerly CHAMPUS), FEHB, and uniformed services and has

caused millions of dollars in damages to the United States Government and the States.

## COUNT I

### Federal False Claims Act- Presentation of False Claims

79.     Relator re-alleges and incorporates paragraphs 1-78 of this Complaint as if fully set

forth herein.

80.     In performing the acts described above, Defendants, through the acts of their

officers, agents, employees and sales representatives knowingly presented or caused to be

presented to an agency, officer, or employee of the United States false or fraudulent claims for

payment in violation of 31 U.S.C. §3729(a)(1).

81.     The United States, unaware of the foregoing circumstances and conduct of

Defendants, made full payments, which resulted in its being damaged in an amount to be

determined.

## COUNT II

### Federal False Claims Act- False Statements

82.     Relator re-alleges and incorporates paragraphs 1-78 of this Complaint as is fully set

forth herein.

83.     In performing the acts described above, Defendants through the acts of their

officers, agents, employees and sales representatives knowingly made, used, or caused to be made

or used, false records or statements to get a false or fraudulent claim paid or approved by the

Government in violation of 31 U.S.C. §3729(a)(2).

15

84.     The United States, unaware of the foregoing circumstances and conduct of the Defendants, made full payments which resulted in its being damaged in an amount to be determined.

## COUNT III

### Federal False Claims Act-Concealing of an Obligation

85.     Relator re-alleges and incorporates paragraphs 1-78 of this Complaint as if fully set forth herein.

86.     In performing the acts described above, Defendants through the acts of their officers, employees and agents, knowingly made, used, or caused to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money to the Government in violation of 31 U.S.C. §3729(a)(7).

87.     The United States, unaware of the foregoing circumstances and conduct of the Defendants, made full payments, which resulted in its being damaged in an amount to be determined.

## COUNT IV

### Payment Under Mistake of Fact

88.     Relator re-alleges and incorporates paragraph 1-78 of the Complaint as if fully set forth herein.

89.     This is an action to recover monies paid by the United States and the States under a mistake in fact that was caused by Defendants through the activities described in this Complaint.

90.     The United States and the States made payments for Myoview injections, Myocardial Perfusion Imaging Tests, and the other related add-on procedures and drugs

throughout the country under the erroneous belief that the records, statements, and proposed amounts upon which reimbursement was based were true, correct and proper.

91.     The United States and the States' erroneous beliefs were material to the payments made by the States and Federal Government.

92.     Because of these mistakes of fact, the United States and States paid moneys for injections of Myoview, Myocardial Pefusion Imaging Tests, and the related add-on procedures and drugs that were not properly reimbursable and to which the United States and States are entitled.

93.     By reason of these payments, the United States and the States have suffered damages in an amount to be determined.

### COUNT V

#### Unjust Enrichment

94.     Relator re-alleges and incorporates paragraphs 1-78 of the Complaint as if fully set forth herein.

95.     This is an action to recover monies by which Defendants have been unjustly enriched. Due to the Defendants' improper practices, the United States and the States paid monies by which Defendants have been unjustly enriched.

96.     By reason of their payments, the United States and the States are entitled to damages in an amount to be determined.

### COUNT VI

#### California False Claims Act - Cal. Govt. Code §12650 *et seq.*

97.     Relator re-alleges and incorporates paragraphs 1-78 of the Complaint as if fully set forth herein.

17

98.    In performing the acts described above, Defendants, through the acts of their officers, agents, employees and sales representatives, knowingly presented or caused to be presented to the California State Government fraudulent claims for payment in violation of Cal. Govt. Code §12651(a)(1).

99.    In performing the acts described above, Defendants, through the acts of their officers, agents, employees and sales representatives knowingly made or caused to be made or used a false record or statement to get a false claim paid or approved by the California State Government in violation of Cal. Govt. Code §12651(a)(2).

100.    The State of California, unaware of the foregoing circumstances and conduct of the Defendants, made full payments, which resulted in its being damaged in an amount to be determined.

101.    The State of California is entitled to treble damages and civil recoveries for each and every false or fraudulent claim, record or statement made, used, presented, or caused to be made, used or presented by the Defendants.

## COUNT VII

### Delaware False Claims and Reporting Act - 6 Del. C. §1201 *et seq.*

102.    Relator re-alleges and incorporates paragraphs 1-78 of the Complaint as if fully set forth herein.

103.    In performing the acts described above, Defendants, through the acts of their officers, knowingly presented or caused to be presented to the Delaware State Government fraudulent claims for payment in violation of 6 Del. C. §1201 (a)(1).

104.    In performing the acts described above, Defendants, through the acts of their officers, agents, employees and sales representatives knowingly made or caused to be made or

18

used a false record or statement to get a false claim paid or approved by the Delaware State
Government in violation of 6 Del. C. §1201 (a)(2).

105.  The State of Delaware, unaware of the foregoing circumstances and conduct of the
Defendants, made full payments, which resulted in its being damaged in an amount to be
determined.

106.  The State of Delaware is entitled to treble damages and civil recoveries for each
and every false or fraudulent claim, record or statement made, used, presented, or caused to be
made, used or presented by the Defendants.

## COUNT VIII

### District of Columbia Procurement Reform Amendment Act - D.C. Ann. §2-38.14 *et seq.*

107.  Relator re-alleges and incorporates paragraphs 1-78 of the Complaint as if fully set
forth herein.

108.  In performing the acts described above, Defendants, through the acts of their
officers, knowingly presented or caused to be presented to the District of Columbia Government
fraudulent claims for payment in violation of D.C. Ann. §2-38.14(a)(1).

109.  In performing the acts described above, Defendants, through the acts of their
officers, knowingly made or caused to be made or used a false record or statement to get a false
claim paid or approved by the District of Columbia Government in violation of D.C. Ann. §2-
38.14(a)(2).

110.  The District of Columbia, unaware of the foregoing circumstances and conduct of
the Defendants, made full payments, which resulted in its being damaged in an amount to be
determined.

19

111.    The District of Columbia is entitled to treble damages and civil recoveries for each and every false or fraudulent claim, record or statement made, used, presented, or caused to be made, used or presented by the Defendants.

## COUNT IX

### Florida False Claims Act - Fla. Stat. Ann. §68.082 *et seq.*

112.    Relator re-alleges and incorporates paragraphs 1-78 of the Complaint as if fully set forth herein.

113.    In performing the acts described above, Defendants, through the acts of their officers, agents, employees and sales representatives knowingly presented or caused to be presented to the Florida State Government fraudulent claims for payment in violation of Fla. Stat. Ann. §68.082(2)(a).

114.    In performing the acts described above, Defendants, through the acts of their officers, agents, employees and sales representatives knowingly made or caused to be made or used a false record or statement to get a false claim paid or approved by the Florida State Government in violation of Fla. Stat. Ann. §68.082(2)(b).

115.    The State of Florida, unaware of the foregoing circumstances and conduct of the Defendants, made full payments, which resulted in its being damaged in an amount to be determined.

116.    The State of Florida is entitled to treble damages and civil recoveries for each and every false or fraudulent claim, record or statement made, used, presented, or caused to be made, used or presented by the Defendants.

20

## COUNT X

### Georgia State False Medicaid Claims Act, H.B. 551, 49-4-168 *et seq.*

117. Relator re-alleges and incorporates paragraphs 1-78 of the Complaint as if fully set forth herein.

118. In performing the acts described above, Defendants, through the acts of their officers, agents, employees and sales representatives knowingly presented or caused to be presented to the State of Georgia fraudulent claims for payment in violation of Georgia's State False Medicaid Claims Act, H.B. 551, 49-4-168 *et seq.*

119. In performing the acts described above, Defendants, through the acts their officers, agents, employees and sales representatives, knowingly made or caused to be made or used a false record or statement to get a false claim paid or approved by the State of Georgia in violation of Georgia's State False Medicaid Claims Act, H.B. 551, 49-4-168 *et seq.*

120. The State of Georgia, unaware of the foregoing circumstances and conduct of the Defendants, made full payments which resulted in its being damaged in an amount to be determined.

121. The State of Georgia is entitled to treble damages and civil recoveries for each and every false or fraudulent claim, record or statement made, used, presented, or caused to be made, used or presented by the Defendants.

## COUNT XI

### Hawaii False Claims Act - Haw. Rev. Stat. §661-21 *et seq.*

122. Relator re-alleges and incorporates paragraphs 1-78 of the Complaint as if fully set forth herein.

21

123.    In performing the acts described above, Defendants, through the acts of their officers, agents, employees and sales representatives knowingly presented or caused to be presented to the Hawaii State Government fraudulent claims for payment in violation of Haw. Rev. Stat. §651-21(a)(1).

124.    In performing the acts described above, Defendants, through the acts of their officers, agents, employees and sales representatives knowingly made or caused to be made or used a false record or statement to get a false claim paid or approved by the Hawaii State Government in violation of Haw. Rev. Stat. §651-21(a)(2).

125.    The State of Hawaii, unaware of the foregoing circumstances and conduct of the Defendants, made full payments, which resulted in its being damaged in an amount to be determined.

126.    The State of Hawaii is entitled to treble damages and civil recoveries for each and every false or fraudulent claim, record or statement made, used, presented, or caused to be made, used or presented by the Defendants.

## COUNT XII

### Illinois Whistleblower Reward And Protection Act - 740 Ill. Code. Stat. §175/3 *et seq*

127.    Relator re-alleges and incorporates paragraphs 1-78 of the Complaint as if fully set forth herein.

128.    In performing the acts described above, Defendants, through the acts of their officers, agents, employees and sales representatives knowingly presented or caused to be presented to the Illinois State Government fraudulent claims for payment in violation of 740 Ill. Code. Stat. §175/3(a)(1).

22

129.     In performing the acts described above, Defendants, through the acts of their

officers, agents, employees and sales representatives knowingly made or caused to be made or

used a false record or statement to get a false claim paid or approved by the Illinois State

Government in violation of 740 Ill. Code. Stat. §175/3(a)(2).

130.     The State of Illinois, unaware of the foregoing circumstances and conduct of the

Defendants, made full payments, which resulted in its being damaged in an amount to be

determined.

131.     The State of Illinois is entitled to treble damages and civil recoveries for each and

every false or fraudulent claim, record or statement made, used, presented, or caused to be made,

used or presented by the Defendants.

## COUNT XIII

### Indiana False Claims and Whistleblower Protection Act - IC 5-11-5.5-1 *et seq.*

132.     Relator re-alleges and incorporates paragraphs 1-78 of the Complaint as if fully set

forth herein.

133.     In performing the acts described above, Defendants, through the acts of their

officers, agents, employees and sales representatives knowingly presented or caused to be

presented to the Government of Indiana fraudulent claims for payment in violation of the Indiana

False Claims and Whistleblower Protection Act, IC 5-11-5.5-1 *et seq.*

134.     In performing the acts described above, Defendants, through the acts of their

officers, agents, employees and sales representatives knowingly made or caused to be made or

used a false record or statement to get a false claim paid or approved by the State of Indiana in

violation of the Indiana False Claims and Whistleblower Protection Act, IC 5-11-5.5-1 *et seq.*

23

135.    The State of Indiana, unaware of the foregoing circumstances and conduct of the Defendants, made full payments, which resulted in its being damaged in an amount to be determined.

136.    The State of Indiana is entitled to treble damages and civil recoveries for each and every false or fraudulent claim, record or statement made, used, presented, or caused to be made, used or presented by the Defendants.

## COUNT XIV

### Louisiana False Claims Act, Act 1373 § 437.1 *et seq.*

137.    Relator re-alleges and incorporates paragraphs 1-78 of the Complaint as if fully set forth herein.

138.    In performing the acts described above, Defendants, through the acts of its officers, agents, employees and sales representatives, knowingly presented or caused to be presented to the Louisiana State Government fraudulent claims for payment in violation of Louisiana False Claims Act, Act 1373 § 437.1 *et seq*.

139.    In performing the acts described above, Defendants, through the acts of its officers, agents, employees and sales representatives knowingly made or caused to be made or used a false record or statement to get a false claim paid or Louisiana False Claims Act, Act 1373 § 437.1, *et seq*.

140.    The State of Louisiana, unaware of the foregoing circumstances and conduct of the Defendants, made full payments, which resulted in its being damaged in an amount to be determined.

24

141. The State of Louisiana is entitled to treble damages and civil recoveries for each and every false or fraudulent claim, record or statement made, used, presented, or caused to be made, used or presented by the Defendants.

## COUNT XV

### Massachusetts False Claims Law - Mass. Gen. Laws Ch. 12 § 5 *et seq.*

142. Relator re-alleges and incorporates paragraphs 1-78 of the Complaint as if fully set forth herein.

143. In performing the acts described above, Defendants, through the acts of their officers, agents, employees and sales representatives knowingly presented or caused to be presented to the Massachusetts State Government fraudulent claims for payment in violation of Mass Gen. Laws Ch. 12 §5B(1).

144. In performing the acts described above, Defendants, through the acts of their officers, agents, employees and sales representatives knowingly made or caused to be made or used a false record or statement to get a false claim paid or approved by the Massachusetts State Government in violation of Mass. Gen. Laws Ch. 12 §5B(2).

145. The State of Massachusetts, unaware of the foregoing circumstances and conduct of the Defendants, made full payments, which resulted in its being damaged in an amount to be determined.

146. The State of Massachusetts is entitled to treble damages and civil recoveries for each and every false or fraudulent claim, record or statement made, used, presented, or caused to be made, used or presented by the Defendants.

25

## COUNT XVI

### Michigan Medicaid False Claims Act, MCLA §400.604 *et seq.*

147.    Relator re-alleges and incorporates paragraphs 1-78 of the Complaint as if fully set forth herein.

148.    In performing the acts described above, Defendants, through the acts of their officers, agents, employees and sales representatives knowingly presented or caused to be presented to the Michigan State Government fraudulent claims for payment in violation of MCLA §400.604 *et seq*.

149.    In performing the acts described above, Defendants, through the acts of their officers, agents, employees and sales representatives knowingly made or caused to be made or used a false record or statement to get a false claim paid or approved by the Michigan State Government in violation MCLA §400.604.

150.    The State of Michigan, unaware of the foregoing circumstances and conduct of the Defendants, made full payments, which resulted in its being damaged in an amount to be determined.

151.    The State of Michigan is entitled to treble damages and civil recoveries for each and every false or fraudulent claim, record or statement made, used, presented, or caused to be made, used or presented by the Defendants.

## COUNT XVII

### Montana False Claims Act - Mon. Stat. 17-8-401 *et seq.*

152.    Relator re-alleges and incorporates paragraphs 1-78 of the Complaint as if fully set forth herein.

26

153.    In performing the acts described above, Defendants, through the acts of their officers, agents, employees and sales representatives knowingly presented or caused to be presented to the Montana State Government fraudulent claims for payment in violation of Mon. Stat. 17-8-401 *et seq*.

154.    In performing the acts described above, Defendants, through the acts of their officers, agents, employees and sales representatives knowingly made or caused to be made or used a false record or statement to get a false claim paid or approved by the Montana State Government in violation of Mon. Stat. 17-8-401 *et seq*.

155.    The State of Montana, unaware of the foregoing circumstances and conduct of the Defendants, made full payments, which resulted in its being damaged in an amount to be determined.

156.    The State of Montana is entitled to treble damages and civil recoveries for each and every false or fraudulent claim, record or statement made, used, presented, or caused to be made, used or presented by the Defendants.

## COUNT XVIII

### Nevada False Claims Act - Nev. Rev. Stat. Ann. §357.040 *et seq.*

157.    Relator re-alleges and incorporates paragraphs 1-78 of the Complaint as if fully set forth herein.

158.    In performing the acts described above, Defendants, through the acts of their officers, agents, employees and sales representatives knowingly presented or caused to be presented to the Nevada State Government fraudulent claims for payment in violation of Nev. Rev. Stat. Ann. §357.040(1)(a).

27

159.    In performing the acts described above, Defendants, through the acts of their officers, agents, employees and sales representatives knowingly made or caused to be made or used a false record or statement to get a false claim paid or approved by the Nevada State Government in violation of Nev. Rev. Stat. Ann. §357.040(1)(b).

160.    The State of Nevada, unaware of the foregoing circumstances and conduct of the Defendants, made full payments, which resulted in its being damaged in an amount to be determined.

161.    The State of Nevada is entitled to treble damages and civil recoveries for each and every false or fraudulent claim, record or statement made, used, presented, or caused to be made, used or presented by the Defendants.

## COUNT XIX

### New Hampshire False Claims Act - NH. 167: 61-b *et seq.*

162.    Relator re-alleges and incorporates paragraphs 1-78 of the Complaint as if fully set forth herein.

163.    In performing the acts described above, Defendants, through the acts of their officers, agents, employees and sales representatives knowingly presented or caused to be presented to the New Hampshire State Government fraudulent claims for payment in violation of NH. 167: 61-b *et seq.*

164.    In performing the acts described above, Defendants, through the acts of their officers, agents, employees and sales representatives knowingly made or caused to be made or used a false record or statement to get a false claim paid or approved by the New Hampshire State Government in violation of NH.167: 61-b *et seq.*

28

165.   The State of New Hampshire, unaware of the foregoing circumstances and conduct of the Defendants, made full payments, which resulted in its being damaged in an amount to be determined.

166.   The State of New Hampshire is entitled to treble damages and civil recoveries for each and every false or fraudulent claim, record or statement made, used, presented, or caused to be made, used or presented by the Defendants.

## COUNT XX

### New Mexico Fraud Against Taypayers Act, House Bill No. 468, 46th Legislature, Second Regular Session

167.   Relator re-alleges and incorporates paragraphs 1-78 of the Complaint as if fully set forth herein.

168   In performing the acts described above, Defendants, through the acts of their officers, agents, employees and sales representatives knowingly presented or caused to be presented to the New Mexico State Government fraudulent claims for payment in violation of New Mexico House Bill No. 468, 46th Legislature, Second Regular Session.

169.   In performing the acts described above, Defendants, through the acts of their officers, agents, employees and sales representatives knowingly made or caused to be made or used a false record or statement to get a false claim paid or approved by the New Mexico State Government in violation of New Mexico House Bill No. 468, 46th Legislature, Second Regular Session.

170.   The State of New Mexico, unaware of the foregoing circumstances and conduct of the Defendants, made full payments, which resulted in its being damaged in an amount to be determined.

29

171.   The State of New Mexico is entitled to treble damages and civil recoveries for each and every false or fraudulent claim, record or statement made, used, presented, or caused to be made, used or presented by the Defendants.

## COUNT XXI

### New York False Claims Act – N.Y. S. 2108C (January 31, 2007)

172.   Relator re-alleges and incorporates paragraphs 1-78 of the Complaint as if fully set forth herein.

173.   In performing the acts described above, Defendants, through the acts of their officers, agents, employees and sales representatives knowingly presented or caused to be presented to the New York state government fraudulent claims for payment in violation of N.Y.S. 2108C.

174.   In performing the acts described above, Defendants, through the acts of their officers, agents, employees and sales representatives knowingly made or caused to be made or used a false record or statement to get a false claim paid or approved by the New York state government in violation of N.Y.S. 2108C.

175.   The State of New York, unaware of the foregoing circumstances and conduct of the Defendants, made full payments, which resulted in its being damaged in an amount to be determined.

176.   The State of New York is entitled to treble damages and civil recoveries for each and every false or fraudulent claim, record or statement made, used, presented, or caused to be made, used or presented by the Defendants.

30

## COUNT XXII

### Oklahoma Medicaid False Claims Act- Bill No. 889

177.    Relator re-alleges and incorporates paragraphs 1-78 of the Complaint as if fully set forth herein.

178.    In performing the acts described above, Defendants, through the acts of their officers, agents, employees and sales representatives knowingly presented or caused to be presented to the Oklahoma State Government fraudulent claims for payment in violation of Oklahoma Medicaid False Claims Act- Bill No. 889.

179.    In performing the acts described above, Defendants, through the acts of their officers, agents, employees and sales representatives knowingly made or caused to be made or used a false record or statement to get a false claim paid or approved by the Oklahoma State Government in violation of Oklahoma Medicaid False Claims Act- Bill No. 889.

180.    The State of Oklahoma, unaware of the foregoing circumstances and conduct of the Defendants, made full payments, which resulted in its being damaged in an amount to be determined.

181.    The State of Oklahoma is entitled to treble damages and civil recoveries for each and every false or fraudulent claim, record or statement made, used, presented, or caused to be made, used or presented by the Defendants.

## COUNT XXIII

### Tennessee Medicaid False Claims Act - Tenn. Code. Ann. §71-5-182 *et seq.*

182.    Relator re-alleges and incorporates paragraphs 1-78 of the Complaint as if fully set forth herein.

31

183.     In performing the acts described above, Defendants, through the acts of their officers, agents, employees and sales representatives knowingly presented or caused to be presented to the Tennessee State Government fraudulent claims for payment in violation of Tenn. Code. Ann. §71-5-182(a)(1)(A).

184.     In performing the acts described above, Defendants, through the acts of their officers, agents, employees and sales representatives knowingly made or caused to be made or used a false record or statement to get a false claim paid or approved by the Tennessee State Government in violation of Tenn. Code Ann. §71-5-182 (a)(1)(B).

185.     The State of Tennessee, unaware of the foregoing circumstances and conduct of the Defendants, made full payments, which resulted in its being damaged in an amount to be determined.

186.     The State of Tennessee is entitled to treble damages and civil recoveries for each and every false or fraudulent claim, record or statement made, used, presented, or caused to be made, used or presented by the Defendants.

## COUNT XXIV

### Texas False Claims Act - Tx. Hum. Res. Code Ann. § 32.039 and § 36.001 *et seq.*

187.     Relator re-alleges and incorporates paragraphs 1-78 of the Complaint as if fully set forth herein.

188.     In performing the acts described above, Defendants, through the acts of their officers, agents, employees and sales representatives knowingly presented or caused to be presented to the Texas State Government fraudulent claims for payment in violation of Tx. Hum. Res. Code. Ann. § 32.039 and § 36.001 *et seq*.

32

189.    In performing the acts described above, Defendants, through the acts of their officers, agents, employees and sales representatives knowingly made or caused to be made or used a false record or statement to get a false claim paid or approved by the Texas State Government in violation of Tx. Hum. Res. Code Ann. § 32.039 and § 36.001 *et seq*.

190.    The State of Texas, unaware of the foregoing circumstances and conduct of the Defendants, made full payments, which resulted in its being damaged in an amount to be determined.

191.    The State of Texas is entitled to treble damages and civil recoveries for each and every false or fraudulent claim, record or statement made, used, presented, or caused to be made, used or presented by the Defendants.

### COUNT XXV

### Virginia Fraud Against Taxpayers Act - Va. Code Ann. §8.01-216.1 *et seq.*

192.    Relator re-alleges and incorporates paragraphs 1-78 of the Complaint as if fully set forth herein.

193.    In performing the acts described above, Defendants, through the acts of their officers, agents, employees and sales representatives knowingly presented or caused to be presented to the Virginia State Government fraudulent claims for payment in violation of Va. Code Ann. §8.01-216.3(a)(1).

194.    In performing the acts described above, Defendants, through the acts their officers, agents, employees and sales representatives, knowingly made or caused to be made or used a false record or statement to get a false claim paid or approved by the Virginia State Government in violation of Va. Code Ann. §8.01-216.3(a)(2).

33

195.    The State of Virginia, unaware of the foregoing circumstances and conduct of the Defendants, made full payments, which resulted in its being damaged in an amount to be determined.

196.    The State of Virginia is entitled to treble damages and civil recoveries for each and every false or fraudulent claim, record or statement made, used, presented, or caused to be made, used or presented by the Defendants.

## COUNT XXVI

### Cook County False Claims Act, Resolution No. 03-R-394

197.    Relator re-alleges and incorporates paragraphs 1-78 of the Complaint as if fully set forth herein.

198.    In performing the acts described above, Defendants, through the acts of their officers, agents, employees and sales representatives knowingly presented or caused to be presented to the Cook County, Illinois fraudulent claims for payment in violation of Cook County False Claims Act, as set out in County Resolution No. 03-R-394.

199.    In performing the acts described above, Defendants, through the acts their officers, agents, employees and sales representatives, knowingly made or caused to be made or used a false record or statement to get a false claim paid or approved by the Cook County in violation of the Cook County False Claims Act, as set out in County Resolution No. 03-R-394.

200.    Cook County, unaware of the foregoing circumstances and conduct of the Defendants, made full payments which resulted in its being damaged in an amount to be determined.

34

201.   Cook County is therefore entitled to treble damages and civil recoveries for each and every false or fraudulent claim, record or statement made, used, presented, or caused to be made, used or presented by the Defendants.

## COUNT XXVII

### City of Chicago False Claims Act 1-21-010 *et seq*.

202.   Relator re-alleges and incorporates paragraphs 1-78 of the Complaint as if fully set forth herein.

203.   In performing the acts described above, Defendants, through the acts of their officers, agents, employees and sales representatives knowingly presented or caused to be presented to the City of Chicago fraudulent claims for payment in violation of the City of Chicago False Claims Act 1-21-010 *et seq*.

204.   In performing the acts described above, Defendants, through the acts their officers, agents, employees and sales representatives, knowingly made or caused to be made or used a false record or statement to get a false claim paid or approved by the City of Chicago in violation of City of Chicago False Claims Act 1-21-010 *et seq*.

205.   The City of Chicago, unaware of the foregoing circumstances and conduct of the Defendants, made full payments which resulted in its being damaged in an amount to be determined.

206.   The City of Chicago is entitled to treble damages and civil recoveries for each and every false or fraudulent claim, record or statement made, used, presented, or caused to be made, used or presented by the Defendants.

35

## COUNT XXVIII

### New York City False Claims Act Local Law 53 of 2005

207.    Relator re-alleges and incorporates paragraphs 1-78 of the Complaint as if fully set forth herein.

208.    In performing the acts described above, Defendants, through the acts of their officers, agents, employees and sales representatives knowingly presented or caused to be presented to the City of New York fraudulent claims for payment in violation of City of New York False Claims Act Local Law 53 of 2005.

209.    In performing the acts described above, Defendants, through the acts their officers, agents, employees and sales representatives, knowingly made or caused to be made or used a false record or statement to get a false claim paid or approved by the City of New York in violation of City of New York False Claims Act Local Law 53 of 2005.

210.    The City of New York, unaware of the foregoing circumstances and conduct of the Defendants, made full payments which resulted in its being damaged in an amount to be determined.

211.    The City of New York is entitled to treble damages and civil recoveries for each and every false or fraudulent claim, record or statement made, used, presented, or caused to be made, used or presented by the Defendants.

### PRAYER FOR RELIEF

WHEREFORE, Relator respectfully requests this Court to enter judgment against Defendants as follows:

a.    That the United States be awarded damages in the amount of three times the damages sustained by the United States because of the false claims and fraud alleged within this Complaint, as the Civil False Claims Act, 31 U.S.C. §3729 *et seq*. provides;

36

b.    That civil penalties of $5,500 to $11,500 be imposed for each and every false claim that Defendants caused to be presented to the United States;

c.    That the State of California be awarded damages in the amount of three times the damages sustained by the State of California because of the false claims and fraud alleged within this Complaint, plus a civil penalty of $10,000 for each violation of Cal. Govt. Code §12651(a);

d.    That the State of Delaware be awarded damages in the amount of three times the damages sustained by the State of Delaware because of the false claims and fraud alleged within this Complaint, plus civil penalty for each violation of 6 Del. C. §1201(a);

e.    That the District of Columbia be awarded damages in the amount of three times the damages sustained by the District of Columbia because of the false claims and fraud alleged within this Complaint, plus civil penalty for each violation of D.C. Ann. §2-38.14(a)(1);

f.    That the State of Florida be awarded damages in the amount of three times the damages sustained by the State of Florida because of the false claims and fraud alleged within this Complaint, plus civil penalty for each violation of Fla. Stat. Ann. § 68.082(2);

g.    That the State of Georgia be awarded damages in the amount of three times the damages sustained by the State of Georgia because of the false claims and fraud alleged within this Complaint, plus a civil penalty of $10,000 for each violation of Georgia's State False Medicaid Claims Act, H.B. 551, 49-4-168 *et seq.*;

h.    That the State of Hawaii be awarded damages in the amount of three times the damages sustained by the State of Hawaii because of the false claims and fraud alleged within this Complaint, plus civil penalty for each violation of Haw. Rev. Stat. § 661-21(a);

i.    That the State of Illinois be awarded damages in the amount of three times the damages sustained by the State of Illinois because of the false claims and fraud alleged within this Complaint, plus civil penalty for each violation of 740 Ill. Code. Stat. §175/3(a);

j.    That the State of Indiana be awarded damages in the amount of three times the damages sustained by the State of Indiana because of the false claims and fraud alleged within this Complaint, plus a civil penalty allowed for each violation of the Indiana False Claims and Whistleblower Protection Act, IC 5-11-5.5-2;

37

k.      That the State of Louisiana be awarded damages in the amount of three times the
        damages sustained by the State of Louisiana because of the false claims and fraud
        alleged within this Complaint, plus a civil penalty allowed for each violation of
        the Louisiana False Claims Act, Act 1373 § 437.1 *et seq*.;

l.      That the State of Massachusetts be awarded damages in the amount of three
        times the damages sustained by the State of Massachusetts because of the false
        claims and fraud alleged within this Complaint, plus civil penalty for each
        violation of Mass. Gen. L. Ch. 12 § 5B;

m.      That the State of Michigan be awarded damages in the amount of three times the
        damages sustained by the State of Michigan because of the false claims and fraud
        alleged within this Complaint, plus civil penalty for each violation of MCLA
        §400.604 *et seq*.;

n.      That the State of Montana be awarded damages in the amount of three times the
        damages sustained by the State of Montana because of the false claims and fraud
        alleged within this Complaint, plus civil penalty for each violation of Mon.17-8-
        401 *et seq*.;

o.      That the State of Nevada be awarded damages in the amount of three times the
        damages sustained by the State of Nevada because of the false claims and fraud
        alleged within this Complaint, plus civil penalty for each violation of Nev. Rev.
        Stat. Ann. § 357.040(1)(a)-(b);

p.      That the State of New Hampshire be awarded damages in the amount of three
        times the damages sustained by the State of New Hampshire because of the false
        claims and fraud alleged within this Complaint, plus civil penalty for each
        violation of NH. 167: 61-b *et seq.*;

q.      That the State of New Mexico be awarded damages in the amount of three times
        the damages sustained by the State of New Mexico because of the false claims
        and fraud alleged within this Complaint, plus civil penalty for each violation of
        New Mexico House Bill No. 468, 46th Legislature, Second Regular Session;

r.      That the State of New York be awarded damages in the amount of three times the
        damages sustained by the State of New York because of the false claims and
        fraud alleged within this Complaint, plus a civil penalty of $10,000 for each
        violation of N.Y.S. 2108C.;

s.      That the State of Oklahoma be awarded damages in the amount of three times the
        damages sustained by the State of Oklahoma because of the false claims and

38

fraud alleged within this Complaint, plus a civil penalty of $10,000 for each violation of Oklahoma Medicaid False Claims Act- Bill No. 889.;

t.    That the State of Tennessee be awarded damages in the amount of three times the damages sustained by the State of Tennessee because of the false claims and fraud alleged within this Complaint, plus civil penalty for each violation of Tenn. Code Ann. §71-5-182 (a)(1)(B);

u.    That the State of Texas be awarded damages in the amount of three times the damages sustained by the State of Texas because of the false claims and fraud alleged within this Complaint, plus a civil penalty of $10,000 for each violation of Tex. Hum. Res. Code Ann. §36.002;

v.    That the State of Virginia be awarded damages in the amount of three times the damages sustained by the State of Virginia because of the false claims and fraud alleged within this Complaint, plus civil penalty for each violation of Va. Code Ann. §8.01-216.3(a);

w.    That the County of Cook, Illinois be awarded damages in the amount of three times the damages sustained by the County of Cook, Illinois because of the false claims and fraud alleged within this Complaint, plus a civil penalty of $10,000 for each violation of Cook County False Claims Act, as set out in County Resolution No. 03-R-394.;

x.    That the City of Chicago be awarded damages in the amount of three times the damages sustained by the City of Chicago because of the false claims and fraud alleged within this Complaint, plus civil penalty for each violation of the City of Chicago False Claims Act 1-22-101 *et seq*.;

y.    That the City of New York be awarded damages in the amount of three times the damages sustained by the City of New York because of the false claims and fraud alleged within this Complaint, plus a civil penalty of $10,000 for each violation of the City of New York False Claims Act Local Law 53 of 2005;

z.    That pre- and post-judgment interest be awarded, along with reasonable attorneys' fees, costs, and expenses which Relator necessarily incurred in bringing and presenting this case;

aa.   That Relator be awarded the maximum amounts allowed pursuant to the False Claims Act and State, County and City statutes as set forth herein; and,

bb.   That this Court award such other and further relief as it deems proper.

39

## DEMAND FOR A JURY TRIAL

Relator demands a jury trial on all claims alleged herein.

Dated: 6/18/07

FRANK, HARON, WEINER AND NAVARRO

Michelle D. Bayer

Monica P. Navarro(P52985) (mnavarro@fhwnlaw.com)
Michelle D. Bayer(P55546) (mbayer@fhwnlaw.com)
Attorneys for the Relator
5435 Corporate Drive, Suite 225
Troy, Michigan 48098
(248) 952-0400
(248) 952-0890 Facsimile

40